Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | Lora | Jean | Shanks |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **SOUTHERN DISTRICT OF IOWA**

Case number: **18-00401**

(If known)

☒ Check if this is an amended plan, and list below the sections of the plan that have been changed.
1.3, 2.1, 3.1, 3.2, 3.5, 4.2, 5.1, 7.1, 8.1

Official Form 113

# Chapter 13 Plan

12/17

## Part 1: Notices

To Debtor(s):   This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

To Creditors:   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☒ Included | ☐ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☒ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☒ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

2.1   Debtor(s) will make regular payments to the trustee as follows:

$800 per **Month** for **4** months
$670 per **Month** for **56** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2   Regular payments to the trustee will be made from future income in the following manner.

*Check all that apply:*
☐   Debtor(s) will make payments pursuant to a payroll deduction order.
☒   Debtor(s) will make payments directly to the trustee.
☐   Other (specify method of payment):

2.3 Income tax refunds.

| Debtor | Lora Jean Shanks | Case number | 18-00401 |
|---|---|---|---|

*Check one.*
- ☐ Debtor(s) will retain any income tax refunds received during the plan term.
- ■ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.
- ☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
  *Check one.*
- ■ None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

2.5   The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $40,720.00.

**Part 3:   Treatment of Secured Claims**

3.1   Maintenance of payments and cure of default, if any.

*Check one.*
- ☐ None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
- ■ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Wells Fargo Home Mor | 2822 Ave D Council Bluffs, IA 51501 Pottawattamie County Legal Description: Evans 2nd Bridge Add Lt 14 Blk 17 Pottawattamie County Assessor value: $92,510 Debtor puchased this home at a foreclosure sale 6 years ago for $53,000.00. Due | $0.00 Disbursed by: ☐ Trustee ■ Debtor(s) | Prepetition: $14,248.17 | 4.13% | $337.36 | $15,518.78 |

*Insert additional claims as needed.*

3.2   **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

- ☐ None. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
  *The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

| Debtor | Lora Jean Shanks | Case number | 18-00401 |

■ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| Ace Rent to Own | $574.00 | Debtor also has a king sized bed with headboard and foot board and a 50" tv valued at $850 which was purchased through Ace Rent to Own. Total payments are $54.43 per week. | $850.00 | $0.00 | $574.00 | 6.50% | $14.29 | $657.27 |

| Debtor | Lora Jean Shanks | | | | | Case number | 18-00401 | |
|---|---|---|---|---|---|---|---|---|

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| SAC Federal Credit Union | $9,339.16 | 2013 Kia Sorento LX 63,000 miles VIN# 5SYKTDA29DG323695, CONDITION = Good, COLOR = Blue Debtor's primary vehicle. Debtor values the vehicle at $13,650. Current Value of vehicle is based of NADA Clean Retail Value based off the vehicle be | $13,650.00 | $0.00 | $9,339.16 | 6.50% | $232.48 | $10,694.13 |

*Insert additional claims as needed.*

3.3    **Secured claims excluded from 11 U.S.C. § 506.**

   *Check one.*
   ■ None. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4    **Lien avoidance.**

*Check one.*
   ■ None. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5    **Surrender of collateral.**

   *Check one.*
   ☐ None. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
   ■ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| Wells Fargo Home Mor | 2300 2nd Ave Council Bluffs, IA 51501  Pottawattamie County Legal Description: Cochrans Add Lots 5 & 6 Blk 5 Pottawattamie County Assessor value: $78,048.  Debtor believes this to be an accurate value. |

*Insert additional claims as needed.*

| Debtor | Lora Jean Shanks | Case number | 18-00401 |
|---|---|---|---|

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00%** of plan payments; and during the plan term, they are estimated to total **$4,072.00**.

**4.3 Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$2,000.00**.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
☐ The sum of $       .
☐ ____% of the total amount of these claims, an estimated payment of $____.
■ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately **$26,445.16**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

■ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3 Other separately classified nonpriority unsecured claims.** *Check one.*

■ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

■ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

| Debtor | Lora Jean Shanks | Case number | 18-00401 |
|---|---|---|---|

**7.1  Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
- ■ plan confirmation.
- ☐ entry of discharge.
- ☐ other: _____

### Part 8: Nonstandard Plan Provisions

**8.1  Check "None" or List Nonstandard Plan Provisions**
- ☐ None. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*
**I. Except for claims secured by Real Property, the value of the collateral stated in the PLAN shall control as to 11 U.S.C. 506 claims. More specifically, the fair market value stated in the claim shall NOT control for secured claims other than those claims secured by Real Property. The Debtor(s) reserve the right to object to any claims filed.**

### Part 9: Signature(s):

**9.1  Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X  /s/ Lora Jean Shanks
Lora Jean Shanks
Signature of Debtor 1

Executed on   July 18, 2018

X  /s/ Ashley A. Buhrman
Ashley A. Buhrman
Signature of Attorney for Debtor(s)

X  _____
Signature of Debtor 2

Executed on   _____

Date   July 18, 2018

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.

| Debtor | Lora Jean Shanks | Case number | 18-00401 |
|---|---|---|---|

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | Maintenance and cure payments on secured claims *(Part 3, Section 3.1 total)* | $15,518.78 |
| b. | Modified secured claims *(Part 3, Section 3.2 total)* | $11,351.40 |
| c. | Secured claims excluded from 11 U.S.C. § 506 *(Part 3, Section 3.3 total)* | $0.00 |
| d. | Judicial liens or security interests partially avoided *(Part 3, Section 3.4 total)* | $0.00 |
| e. | Fees and priority claims *(Part 4 total)* | $6,072.00 |
| f. | Nonpriority unsecured claims *(Part 5, Section 5.1, highest stated amount)* | $7,777.82 |
| g. | Maintenance and cure payments on unsecured claims *(Part 5, Section 5.2 total)* | $0.00 |
| h. | Separately classified unsecured claims *(Part 5, Section 5.3 total)* | $0.00 |
| i. | Trustee payments on executory contracts and unexpired leases *(Part 6, Section 6.1 total)* | $0.00 |
| j. | Nonstandard payments *(Part 8, total)*    + | $0.00 |
| | **Total of lines a through j** | **$40,720.00** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO:  18-00401 |
| ) | |
| Lora Jean Shanks ) | CHAPTER 13 |
| , ) | |
| ) | |
| Debtor(s). ) | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the described documents:

1)                                              CHAPTER 13 PLAN ,

were mailed via U.S. Mail, postage prepaid, on    7/18/2018   , to all creditors and parties in interest listed on Exhibit "A" attached hereto.

                                            */s/ Ashley A. Buhrman*
                                            Ashley A. Buhrman, #25036
                                            John T. Turco & Associates, P.C., L.L.O.
                                            2580 South 90th Street
                                            Omaha, Nebraska  68124-2050
                                            Voice:  (402) 933-8600
                                            Fax:     (402) 934-2848

EXHIBIT "A"

Ace Rent to Own
3401 W. Broadway
Council Bluffs, IA 51501

Atlantic Credit and Finance Spec
3353 Orange Ave NE
Roanoke, VA 24012

Capital One
General Correspondence
Po Box 30285
Salt lake City, UT 84130

Capital One, N.A.
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

Cardworks/CW Nexus
Attn: Bankruptcy
Po Box 9201
Old Bethpage, NY 11804

Cbs Inc
Po Box 318
Fremont, NE 68025

CHI Health
Attn: Human Resources
12809 W Dodge Rd
Omaha, NE 68154

Christopher Pech
PO Box 800
North Liberty, IA 52317

Comenity Bank/Gordmans
Comenity Bank
Po Box 182125
Columbus, OH 43218

Council Bluffs Verterinary Clinic
1229 S/ 3rd St/
Council Bluffs, IA 51503

Credit One Bank
Attn: Bankruptcy
Po Box 98873
Las Vegas, NV 89193

David M. Erickson
the Davis Brown Tower
215 10th St, Suite 1300
Des Moines, IA 50309

EZ Money Check Cashing
1824 W Broadway
Council Bluffs, IA 51501

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

Iowa Department of Revenue
Bankruptcy Department
PO Box 10471
Des Moines, IA 50306

Jeffery Shanks
3830 25th St apt 3
Moline, IL 61265

Kohls/Capital One
Kohls Credit
Po Box 3043
Milwaukee, WI 53201

Lora Shanks
2822 Ave D
Council Bluffs, IA 51501

Mark D. Walz
Davis, Brown, Koehn, Shors  Roberts
4201 Westown Parkway, Ste. 300
West Des Moines, IA 50266

Merrick Bank
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

Mid American Energy
PO Box 4350
Davenport, IA 52808-4350

Midland Funding LLC
Po Box 2011
Warren, MI 48090

Payday Express
2133 W Broadway
Ste 200
Council Bluffs, IA 51501

Portfolio Recovery
Po Box 41067
Norfolk, VA 23541

Portfolio Recovery Associates, LLC
Po Box 12914
Norfolk, VA 23541

Pottawattamie County Attorney
Fifth Floor of the Court House
227 South 6th Street
Council Bluffs, IA 51501

Pottawattamie County Treasurer
227 S 6th Street
Council Bluffs, IA 51501

PRA Receivables Mannagement LLC
Po Box 41021
Norfolk, VA 23541

Robert K. Fryzek, M.D
14 No. Walnut St
Glenwood, IA 51534

SAC Federal Credit Union
PO Box 1149
Omaha, NE 68005-1149

chrony Bank/Amazon  
1: Bankruptcy  
Box 965060  
ando, FL 32896

Transworld System Inc  
2235 Mercury Way  
Ste 275  
Santa Rose, CA 95407

Wells Fargo Home Mor  
Written Correspondence Resolutions  
Mac 2302-04e  
1 Home Campus  
Des Moines, IA 50328

lls Fargo Home Mor  
tten Correspondence Resolutions  
2302-04e  
Moines, IA 50306

| | | |
|---|---|---|
| Synchrony Bank/Amazon<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896 | Transworld System Inc<br>2235 Mercury Way<br>Ste 275<br>Santa Rose, CA 95407 | Wells Fargo Home Mor<br>Written Correspondence Resolutions<br>Mac 2302-04e<br>1 Home Campus<br>Des Moines, IA 50328 |

Wells Fargo Home Mor
Written Correspondence Resolutions
Mac 2302-04e
DesMoines, IA 50306